Brian T. Dunn, State Bar No. 176502
bdunn@cochranfirm.com
Edward M. Lyman III, State Bar No. 248264
elyman@cochranfirm.com
**The Cochran Firm California**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimiles: (323) 282-5280

Gregory J. Ramirez, State Bar No. 150515
gramirez@gjramirezlaw.com
**Law Office of Gregory J. Ramirez**
220 S. A Street, Ste. 1
Oxnard, CA 93030-5762
Telephone: (805) 483-1090
Facsimiles: (805) 228-4669

*Attorneys for Plaintiff Joseph L. Garces*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| JOSEPH L. GARCES, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF SANTA PAULA, a municipal entity, OFFICER CHRIS RIVERA, an individual, and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE No.: 2:21-cv-6730 <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Violations of Civil Rights (42 U.S.C. §1983 - Excessive Force) <br><br> 2. Violations of Civil Rights (Cal. Civ. Code §52.1) <br><br> 3. Battery <br><br> 4. Negligence <br><br> DEMAND FOR JURY TRIAL |

**JURISDICTION AND VENUE**

1. Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

2. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

**PARTIES**

3. Plaintiff JOSEPH L. GARCES is, and at all relevant times mentioned herein was, a resident of the County of Ventura and State of California.

4. Defendant CITY OF SANTA PAULA ("CITY") is, and at all relevant times mentioned herein was, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California.

5. Plaintiff is informed, believes, and thereon alleges that Defendant CHRIS RIVERA ("OFFICER RIVERA") is, and at all relevant times mentioned herein was, a resident of the County of Ventura and State of California. Plaintiff is further informed and believes, and thereon alleges, that at all times relevant to the acts and omissions herein alleged, OFFICER RIVERA was a police officer employed by the Defendant CITY and the City of Santa Paula Police Department ("SPPD"), and was acting under color of state law and within the course and scope of his employment with the CITY and SPPD.

6. On or around February 25, 2021, a timely Claim for Damages ("Claim") was submitted to the CITY, in substantial compliance with California Government Code § 910, *et seq.* CITY acknowledged receipt of the Claim. However, CITY failed to accept or reject the Claim within 45 days. Therefore, by operation of the law, the Claim is deemed to have been denied on April 11, 2021. *Id.* at § 911.6(c).

7. Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants DOES 1-10. Plaintiff is informed and believe DOES 1-10 at all material times were employed by the CITY and working within the course and

2

COMPLAINT FOR DAMAGES

scope of their employment with the CITY and SPPD.  Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known.  Plaintiff is informed, believes, and thereon allege that DOES 1-10 are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of DOES 1-10 proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.  Each of the individual DOE Defendants sued herein is sued both in his individual and personal capacity, as well as in his official capacity.

8.      Each of the individual defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity.

9.      Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## FACTS COMMON TO ALL COUNTS

10.      This federal complaint concerns an officer-involved assault and battery of Plaintiff which occurred during the mid-afternoon hours of Friday, October 9, 2020, in or around North 8th Street and Railroad Avenue, in the City of Santa Paula, County of Ventura, and State of California.  At that time and location, Plaintiff Joseph Garces, a retired firefighter, responded to an incident where a gunshot victim was laying in the street.   Plaintiff immediately began rendering critical life saving measures to the victim.

That's when Defendant OFFICER RIVERA, arrived at the scene and negligently assessed the circumstances presented to him.

11.    Without warning, OFFICER RIVERA proceeded to assault and batter Plaintiff by acts including, without limitation, repeatedly assaulting and battering Plaintiff, which caused severe injuries to Plaintiff's person, without having probable cause or reasonable suspicion to believe that Plaintiff had committed any crime, or would commit a crime in the future.

12.    Following the assault and battery, OFFICER RIVERA and Doe Officers, DOES 1-10, handcuffed, detained, and denied medical care to Plaintiff in a manner that demonstrated deliberate indifference to Plaintiff's constitutional rights.

13.    At no time during the course of these events did Plaintiff pose any reasonable or credible threat of violence to OFFICER RIVERA, nor anyone else, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary, and unlawful.

14.    Plaintiff suffered severe injuries as a direct and proximate result of the assault and battery inflicted upon his person by OFFICER RIVERA.

15.    Both prior to and during the time in which he was assaulted and battered, Plaintiff was not brandishing any kind of weapon and posed no reasonable or credible threat of violence to OFFICER RIVERA, nor any other individual.  Both prior to and during the time in which he was assaulted and battered, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he was brandishing any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual.  Both prior to and during the time in which OFFICER RIVERA assaulted and battered Plaintiff, OFFICER RIVERA was not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff posed a risk of harm or serious bodily injury to any person.

COMPLAINT FOR DAMAGES

**FIRST CAUSE OF ACTION**

*By Plaintiff against Defendant Officer Chris Rivera, and Does 1-10*
*Violations of Civil Rights under the Fourth Amendment*
*42 U.S.C § 1983, Excessive Force*

16.     Plaintiff restates and incorporates by reference the foregoing allegations.

17.     This cause of action is to redress the violation of Plaintiff's civil rights against OFFICER CHRIS RIVERA, who under color of statue, ordinance, regulation, policy, custom, practice, and/or usage, deprived Plaintiff of his rights, privileges, and immunities secured to Plaintiff by the Fourth Amendment and Fourteenth Amendments to the United States Constitution, including without limitation, the right to be free from unreasonable governmental seizures of his person.

18.      At all times mentioned herein, OFFICER RIVERA acted under color and pretense of law, and under color of the statues, ordinances, regulations, policies, practices, customs, and/or usages of the State of California, the CITY, and the SPPD.

19.     Plaintiff is informed, believes, and thereon alleges that in unreasonably seizing his person, as described in the foregoing paragraphs of this Complaint, OFFICER RIVERA acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant OFFICER RIVERA in an amount to be proven at the trial of this matter.

20.     As a direct and proximate result of the aforementioned wrongful, intentional, and malicious acts and omissions of OFFICER RIVERA, Plaintiff was placed in great fear for his life and physical well-being, and has suffered and continues to suffer extreme mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension, all to his damage in a

5

1  sum to be determined at trial.

2      21.     As a further proximate result of OFFICER RIVERA's wrongful, intentional,

3  and malicious acts and omissions, Plaintiff was required to employ, and did in fact

4  employ health care providers and/or medical practitioners to examine, treat, and care for

5  him, and incurred and continues to incur expenses for emergent medical services and

6  other medical treatment and care in an amount according to proof at trial.

7      22.     Plaintiff is entitled to and hereby demands costs, attorneys' fees, and

8  expenses pursuant to 42 U.S.C § 1988.

9                            __SECOND CAUSE OF ACTION__

10   ***By Plaintiff against all Defendants and Does 1-10 for Violations of Civil Rights***

11        ***Cal. Civ. Code §52.1 Based on Unreasonable use of Force***

12     23.     Plaintiff restates and incorporates by reference the foregoing allegations.

13     24.     All claims asserted herein against the Defendant CITY are presented

14  pursuant to the Defendant CITY's vicarious liability for acts and omissions of municipal

15  employees undertaken in the course and scope of their employment pursuant to

16  California Government Code §§ 815.2(a) and 820(a).

17     25.     The manner in which Plaintiff was seized, and permanently injured, violated

18  his Constitutional Rights, as guaranteed by the Fourth Amendment to the United States

19  Constitution, as described in the foregoing paragraphs of this Complaint, and the subject

20  incident occurred during, and in response to, Plaintiff's exercise of his rights under the

21  state and federal constitutions to peacefully assemble in a public place. Both prior to and

22  during the time in which he was shot, Plaintiff was not armed with any kind of weapon,

23  and posed no reasonable or credible threat of violence to OFFICER RIVERA, nor to

24  Doe Officers, nor to DOES 1-10, nor to any other individual, thereby entitling Plaintiff

25  to economic, noneconomic, and punitive damages, as well as attorneys' fees, as set forth

26  in the foregoing paragraphs of this Complaint, under the applicable provisions of Cal.

27  Civ. Code §52.1.

28     26.     California Civil Code § 52.1 (the Bane Act) prohibits any person from using

violent acts or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

27.     Plaintiff is informed, believes, and thereon allege that the OFFICER RIVERA and Doe Officers, DOES 1-10, while acting under color of state law and in the course and scope of their employment with the CITY and SPPD, intentionally committed, and attempted to commit, acts of violence against Plaintiff, and/or acted in reckless disregard of Plaintiff's civil rights, by repeatedly assaulting and battering Plaintiff, and ultimately detaining Plaintiff, without justification or excuse.

28.     When the Defendant OFFICER RIVERA and Doe Officers, DOES 1-10, committed the aforementioned acts, they interfered with Plaintiff's civil rights, including his right to be free from unreasonable governmental seizures of his person, his right to due process, his right to equal protection of the laws, his right to be free from state actions that shock the conscience, and his right to life, liberty, and property.

29.     Plaintiff is informed, believes, and thereon alleges that the Defendant OFFICER RIVERA and Doe Officers, DOES 1-10, intentionally and spitefully committed the above described acts to discourage Plaintiff from exercising his civil rights, retaliated against Plaintiff for invoking his civil rights, and/or prevented Plaintiff from exercising his civil rights, and/or acted in reckless disregard of Plaintiff's civil rights, which he was fully entitled to enjoy.

30.     Plaintiff is informed, believes, and thereon alleges that Defendant OFFICER RIVERA reasonably believed and understood that the violent acts he committed were intended to discourage Plaintiff from exercising his above described civil rights, retaliate against him for invoking his above described civil rights, and/or prevent him from exercising her above described civil rights.

31.     Plaintiff is informed, believes, and thereon alleges that Defendant OFFICER RIVERA and Doe Officers, DOES 1-10, successfully interfered with the above described civil rights of Plaintiff.

32.     The wrongful, intentional, and malicious conduct of the Defendant

OFFICER RIVERA and Doe Officers, DOES 1-10 described herein was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

33.     Plaintiff is informed, believes, and thereon alleges that in intentionally committing and attempted to commits acts of violence against Plaintiff, and/or in acting in reckless disregard of Plaintiff's civil rights, and thereby interfering with Plaintiff's civil rights, as described in the foregoing paragraphs of this Complaint, Defendant OFFICER RIVERA and Doe Officers, DOES 1-10 acted outside the scope of their jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant OFFICER RIVERA and Doe Officers, DOES 1-10 in an amount to be proven at the trial of this matter.

34.     As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant OFFICER RIVERA and Doe Officers, DOES 1-10, Plaintiff suffered great mental and physical pain, suffering, and anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to her death, all to her damage in a sum to be determined at trial.

35.     As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendant OFFICER RIVERA and Doe Officers, DOES 1-10, Plaintiff was required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for her, and incurred expenses for emergent medical services and medical treatment and care prior to her death in an amount according to proof at trial.

//

//

## THIRD CAUSE OF ACTION

### *By Plaintiff against all Defendants and Does 1-10 for Battery*
### *Cal. Civ. Code § 43, Cal. Govt. Code §§ 815.2(a), 820(a)*

36.  Plaintiff restates and incorporates by reference the foregoing allegations.

37.  All claims asserted herein against CITY are presented pursuant to the CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(2) and 820(a).

38.  Plaintiff asserts claims of battery against all defendants based upon the unlawful touching of his person which was the direct and legal cause of his injuries and the resulting damages.  At all times during the unlawful touching of Plaintiff, defendants were acting within the course and scope of their employment with the CITY.

39.  The unconsented contact by Defendant OFFICER RIVERA against Plaintiff amounted to unreasonable force and included, without limitation, punches, kicks, control holds, improper restraints, and the improper and excessive use of on Plaintiff's person.

40.  Plaintiff is informed, believes, and thereon alleges that in unreasonably seizing his person, as described in the foregoing paragraphs of this Complaint, OFFICER RIVERA acted outside the scope of his jurisdiction and without authorization of law, and acted willfully, maliciously, knowingly, with reckless disregard and callous indifference to the known consequences of his acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, thereby warranting punitive and exemplary damages against Defendant OFFICER RIVERA in an amount to be proven at the trial of this matter.

41.  As a direct and proximate result of the aforementioned wrongful, intentional, and malicious acts and omissions of OFFICER RIVERA, Plaintiff was placed in great fear for his life and physical well-being, and has suffered and continues to suffer extreme mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief,

9

shock, humiliation, indignity, embarrassment, and apprehension, all to his damage in a sum to be determined at trial.

42.     As a further proximate result of OFFICER RIVERA's wrongful, intentional, and malicious acts and omissions, Plaintiff was required to employ, and did in fact employ health care providers and/or medical practitioners to examine, treat, and care for him, and incurred and continues to incur expenses for emergent medical services and other medical treatment and care in an amount according to proof at trial.

### FOURTH CAUSE OF ACTION

#### *By Plaintiff against all Defendants and Does 1-10, Negligence*

43.     Plaintiff restates and incorporates by reference the foregoing allegations.

44.     All claims asserted herein against the CITY are presented pursuant to the CITY's vicarious liability for acts and omissions of municipal employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a).

45.     Plaintiff is informed, believes, and thereon alleges that on and before October 9, 2020, OFFICER RIVERA had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of force, and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of police tactics and police procedures in stopping, detaining, and/or arresting unarmed, non-dangerous civilians and suspects. Notwithstanding each of these duties, OFFICER RIVERA failed to exercise reasonable and ordinary care in committing the acts alleged herein, by actions and inactions which include, but are not limited to: negligently failing to de-escalate the situation involving Plaintiff; negligently employing a tactical response to the situation involving Plaintiff that resulted in unnecessary and preventable injuries to Plaintiff; negligently failing to properly and adequately assess the need to use force, negligently inflicting physical injuries upon Plaintiff, negligently employing force against Plaintiff when the same was unreasonable, unnecessary, and unlawful; negligently training and supervising

employees; and negligently failing to provide prompt medical care to Plaintiff after he was battered.

46.     All of these negligent acts proximately caused Plaintiff's injuries.

47.     As a direct and proximate result of the negligent acts and omissions of Defendants, Plaintiff was placed in great fear for his physical well being, and has suffered and continues to suffer from severe emotional distress, as well as mental and physical pain and injury, all to his damage in a sum to be determined at trial.  As a further direct and proximate result of the negligent acts and omissions of Defendants, Plaintiff suffered physical injuries.

48.     As a direct and proximate result of the above-described conduct of Defendants, Plaintiff has sustained substantial economic and non-economic damages resulting in an amount according to proof at trial.

**WHEREFORE,** Plaintiff prays for judgment against Defendants as follows:

1.     For general and special damages in an amount according to proof at trial;

2.     For medical and related expenses according to proof at trial;

3.     For costs of suit incurred herein;

4.     For pre-judgment interest;

5.     For attorneys' fees incurred herein, as provided by law;

6.     For punitive damages against the individual Defendants in their individual capacities in an amount according to proof at trial; and

7.     For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.

DATED: August 19, 2021                    Respectfully submitted,

                                        **THE COCHRAN FIRM CALIFORNIA**

                              By:   /s/ Edward M. Lyman
                                    _____
                                        Edward M. Lyman III, *Attorneys for Plaintiff*