James N. Procter II – State Bar No. 96589
Lisa N. Shyer – State Bar No. 195238
PROCTER, SHYER & WINTER
751 East Daily Drive, Suite 410
Camarillo, California 93010
Phone: (805) 278-0920
Facsimile: (805) 278-0289
Email: jim@proctershyer.com/lisa@proctershyer.com

Attorneys for Defendants,
    CITY OF SANTA PAULA and OFFICER CHRIS
    RIVERA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| JOSEPH L. GARCES,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF SANTA PAULA, a municipal entity, OFFICER CHRIS RIVERA, an individual and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. 2:21-cv-6730-FLA(PVCx)<br><br>**DEFENDANTS, CITY OF SANTA PAULA and OFFICER CHRIS RIVERA'S, ANSWER TO PLAINTIFF, JOSEPH L. GARCES', COMPLAINT** |

In response to the complaint of Joseph L. Garces, an individual, (hereinafter referred to as "plaintiff"), defendants, CITY OF SANTA PAULA and OFFICER CHRIS RIVERA, (hereinafter referred to as "defendants") answer as follows:

1. Answering paragraph 1 of the complaint, defendants admit that jurisdiction is conferred upon the court pursuant to the cited statutes.

2. Answering paragraph 2 of the complaint, defendants admit that the incident occurred in Ventura County in the State of California, and that venue is proper in this Court.

3. Answering paragraph 3 of the complaint, defendants admit the allegations contained therein.

1

4.       Answering paragraph 4 of the complaint, defendants admit the allegations contained therein.

5.       Answering paragraph 5 of the complaint, defendants admit the allegations contained therein.

6.       Answering paragraph 6 of the complaint, defendants admit the allegations contained therein.

7.       Answering paragraph 7 of the complaint, defendants are unable to admit or deny the allegations of this paragraph without knowing the identities of the DOE defendants and on that basis deny each and every allegation contained therein.

8.       Answering paragraph 8 of the complaint, defendants are unable to admit or deny the allegations of this paragraph without knowing the identities of the DOE defendants and on that basis deny each and every allegation contained therein.

9.       Answering paragraph 9 of the complaint, defendants are unable to admit or deny the allegations of this paragraph without knowing the identities of the DOE defendants and on that basis deny each and every allegation contained therein.

10.       Answering paragraph 10 of the complaint, admits that a shooting incident occurred in the afternoon of October 9, 2020, in or around North Eighth Street and Railroad Avenue in the City of Santa Paula, County of Ventura, State of California and that plaintiff rendered first-aid to the victim. Defendants deny that OFFICER RIVERA negligently assessed the circumstances at the scene or that he assaulted and battered the plaintiff.

11.       Answering paragraph 11 of the complaint, defendants deny each and every allegation contained therein.

12.       Answering paragraph 12 of the complaint, defendants deny that OFFICER RIVERA committed an assault and battery on the plaintiff. With respect to the allegations regarding the DOE defendants, defendants are unable to admit or deny the allegations of this paragraph without knowing the identities of the unnamed defendants and on that basis deny these allegations.

2

13.   Answering paragraph 13 of the complaint, defendants deny each and every allegation contained therein.

14.   Answering paragraph 14 of the complaint, defendants have no knowledge of the truth or falsity of the allegations of this paragraph and on that basis deny the allegations contained therein.

15.   Answering paragraph 15 of the complaint, defendants admit that plaintiff did not brandish a weapon during the incident. Save and except for this admission, defendants deny each and every other allegation contained in this paragraph.

16.   Answering paragraph 16 of the complaint, defendants admit that the plaintiff realleges and incorporates each and every allegation set forth in the preceding paragraphs, and defendants incorporate their responses to the preceding allegations of the complaint as though fully set forth herein.

17.   Answering paragraph 17 of the complaint, defendants admit that the plaintiff is attempting to state causes of action against the defendants, but defendants deny their validity and applicability to the facts and law in the instant action.

18.   Answering paragraph 18 of the complaint, defendants object to the word "pretense" as vague, ambiguous and argumentative. Save and except for this objection, defendants admit the allegations contained in this paragraph.

19.   Answering paragraph 19 of the complaint, defendants deny each and every allegation contained therein

20.   Answering paragraph 20 of the complaint, defendants have no knowledge of the truth or falsity of the allegations of this paragraph and on that basis deny the allegations contained therein.

21.   Answering paragraph 21 of the complaint, defendants have no knowledge of the truth or falsity of the allegations of this paragraph and on that basis deny the allegations contained therein.

22.   Answering paragraph 22 of the complaint, defendants deny each and every allegation contained therein.

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

23.   Answering paragraph 23 of the complaint, defendants admit that the plaintiff that the plaintiff realleges and incorporates each and every allegation set forth in the preceding paragraphs, and defendants incorporate their responses to the proceeding allegations of the complaint as though fully set forth herein.

24.   Answering paragraph 24 of the complaint, defendants admit that the plaintiff is attempting to state causes of action against the defendants, but defendants deny their validity and applicability to the facts and law in the instant action.

25.   Answering paragraph 25 of the complaint, defendants admit that the plaintiff was not armed with a weapon at the time of the incident. Save and except for this admission, defendants deny each and every allegation contained in this paragraph.

26.   Answering paragraph 26 of the complaint, defendants admit the allegations contained therein.

27.   Answering paragraph 27 of the complaint, defendants are unable to admit or deny the allegations of this paragraph without knowing the identities of the unnamed defendants and on that basis deny each and every allegation contained therein.

28.   Answering paragraph 28 of the complaint, defendants deny each and every allegation contained therein.

29.   Answering paragraph 29 of the complaint herein, defendants are unable to admit or deny the allegations contained in this paragraph without knowing the identities of the unnamed defendants and on that basis deny each and every allegation contained therein.

30.   Answering paragraph 30 of the complaint, defendants deny each and every allegation contained therein.

31.   Answering paragraph 31 of the complaint, defendants deny that OFFICER RIVERA interfered with the civil rights of the plaintiff. As to the DOE

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

defendants, defendants are unable to admit or deny the allegations with respect to these unnamed defendants and, on that basis, deny such allegations.

32.     Answering paragraph 32 of the complaint, defendants deny each and every allegation contained therein as to OFFICER RIVERA. As to the DOE defendants, defendants are unable to admit the allegations with respect to these unnamed defendants and, on that basis, deny such allegations.

33.     Answering paragraph 33 of the complaint, defendants deny each and every allegation contained therein as to OFFICER RIVERA. As to the DOE defendants, defendants are unable to admit or deny the allegations with respect to these unnamed defendants and, on that basis, deny such allegations.

34.     Answering paragraph 34 of the complaint, defendants deny that OFFICER RIVERA committed any wrongful, intentional or malicious acts. As to the DOE defendants and the plaintiff's allegations regarding his emotional damages, defendants deny such allegations on information and belief.

35.     Answering paragraph 35 of the complaint, defendants deny that OFFICER RIVERA committed any wrongful, intentional or malicious acts. As to the Doe defendants and the plaintiff's allegations regarding his purported injuries and damages, defendants deny such allegations on information and belief.

36.     Answering paragraph 36 of the complaint, defendants admit that the plaintiff that the plaintiff realleges and incorporates each and every allegation set forth in the preceding paragraphs, and Defendants incorporate their responses to the preceding allegations of the complaint as though fully set forth herein.

37.     Answering paragraph 37 of the complaint, defendants admit that the plaintiff is attempting to allege causes of action against the defendants but denied their validity and application to the law and facts of the instant action.

38.     Answering paragraph 38 of the complaint, defendants admit that OFFICER RIVERA was acting within the course and scope of his employment as a

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

Santa Paula police officer at the time of the incident. Save and except for this admission, defendants deny each and every other allegation in this paragraph.

39.    Answering paragraph 39 of the complaint, defendants deny each and every allegation contained therein.

40.    Answering paragraph 40 of the complaint, defendants object to the term "foregoing paragraphs" as vague, ambiguous and uncertain. Without waiving this objection, defendants deny each and every allegation contained in this paragraph.

41.    Answering paragraph 41 of the complaint, defendants deny that OFFICER RIVERA committed any wrongful or malicious acts. As to the plaintiff's claims are of emotional, mental and physical injuries, defendants have no knowledge of the truth or falsity of such allegations and on that basis deny the allegations.

42.    Answering paragraph 42 of the complaint, defendants deny that OFFICER RIVERA committed any wrongful or malicious acts. As to the plaintiff's claims that he was required to employee health care providers and/or medical practitioners, defendants have no knowledge of the truth or falsity of such allegations and on that basis deny the allegations.

43.    Answering paragraph 43 of the complaint, defendants admit that the plaintiff realleges and incorporates each and every allegation set forth in the preceding paragraphs, and defendants incorporate their responses to the preceding allegations of the complaint as fully set forth herein.

44.    Answering paragraph 44 of the complaint, defendants admit that the plaintiff is attempting to allege causes of action against the defendants but deny their validity and application to the law and facts of the instant action.

45.    Answering paragraph 45 of the complaint herein, defendants admit that on and before October 9, 2020, OFFICER RIVERA had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the use of force and had a duty to exercise the reasonable and ordinary care which would be expected of similarly situated peace officers in the execution of

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

police tactics and police procedures. Save and except for these admissions, defendants deny each and every allegation contained in this paragraph.

46.     Answering paragraph 46 of the complaint, defendants deny each and every allegation contained therein.

47.     Answering paragraph 47 of the complaint herein, defendants deny that they committed any negligent acts or omissions. As to plaintiff's claims regarding emotional distress, mental and physical pain and injury, defendants have no knowledge of the truth or falsity of these allegations and on that basis deny these allegations.

48.     Answering paragraph 48 of the complaint, defendants deny that plaintiff sustained any economic or noneconomic damages as a result of any unlawful conduct on the part of the named defendants.

## **AFFIRMATIVE DEFENSES**

1.     As and for a first separate and distinct affirmative defense, each and every cause of action asserted against these defendants fails to state a claim upon which relief can be granted.

2.     As and for a second separate and distinct affirmative defense, as there is no underlying constitutional violation, defendants cannot be liable, under *City of Los Angeles v. Heller*, 475 U.S. 796 (1986), for any federal claim.

3.     As and for a third separate and distinct affirmative defense, defendants are entitled to the benefit and protection of the qualified immunity.

4.     As and for a fourth separate and distinct affirmative defense, the defendants or any policymaking individual did not deliberately indifferently adopt, ratify, or enforce any custom, practice, or policy which deprived the plaintiffs of any federally protected constitutional rights.

5.     As and for a fifth separate and distinct affirmative defense, the actions of defendants were not in conscious disregard of the rights of the plaintiff or deliberately indifferent to the constitutional rights of the decedent.

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

6.      As and for a sixth separate and distinct affirmative defense, punitive damages against a public entity are not recoverable pursuant to the rationale and holding of *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

7.      As and for a seventh separate and distinct affirmative defense, defendants allege that no policymaking individual with any entity defendant in this case consciously decided to adopt, promulgate, or ratify any deliberately indifferent custom, practice, or policy which actually led to the deprivation of any of plaintiff's federally protected civil rights.

8.      As and for an eighth separate and distinct affirmative defense, defendants allege that no constitutional violation was committed, so any entity defendant is not chargeable with a viable federal civil rights cause of action.  *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994); *Palmerin v. City of Riverside*, 794 F.2d 1409, 1410-1415 (9th Cir. 1986); *Scott v. Clay County*, 205 F.3d 867, 879 (6th Cir. 2000).

9.      As and for a ninth separate and distinct affirmative defense, the state-law causes of action, are barred as against the entity defendants because the officers cannot be liable so there is no basis for respondeat superior liability against the entity defendants in accordance with Government Code Section 815.2, which provides that the public entity is not liable for the acts of an employee if the employee is immune from liability, as well as *Thomas v. City of Richmond*, 9 Cal.4th 1154, 1157-1158 (1995), *Collins v. City and County of San Francisco*, 50 Cal.App.3d 671, 673 (1975) and *Perez v. City of Huntington Park*, 7 Cal.App.4th 817, 819-820 (1992).

10.     As and for a tenth separate and distinct affirmative defense, the state-law causes of action are barred by California Government Code Section 820.2, which precludes liability where the act or omission was the result of the exercise of discretion vested in a government official, whether or not such discretion was abused.

11.     As and for an eleventh separate and distinct affirmative defense, the state-law causes of action are precluded by the provisions of California Government

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

Code Section 820.4, which provides that a public employee is not liable for his act or omission while exercising due care in the execution or enforcement of any law.

12.     As and for a twelfth separate and distinct affirmative defense, the state-law causes of action are precluded by or diminished in proportion to the plaintiff's comparative fault or contributory negligence.

13.     As and for a thirteenth separate and distinct affirmative defense, defendants allege that the action is barred by the fact that the defendants did not deliberately and intentionally violate the plaintiffs' rights, were not deliberately indifferent, nor did they possess the requisite *mens rea* or level of fault to be chargeable with a federal civil rights violation.

14.     As and for a fourteenth separate and distinct affirmative defense, defendants are immune as to the state-law claims pursuant to California Government Code Section 820.8.

15.     As and for a fifteenth separate and distinct affirmative defense, defendants allege that the plaintiff acted with full knowledge of all the facts and circumstances surrounding his alleged injuries and assumed the risk of the matters causing the alleged injuries, and the matters of which plaintiff assumed the risk proximately contributed to and proximately caused his alleged injuries, if any there were.

16.     As and for a sixteenth separate and distinct affirmative defense, defendants allege that plaintiff had a duty to mitigate his damages and failed to do so and is thereby barred from recovery of damages flowing from the failure to mitigate.

17.     As and for a seventeenth separate and distinct affirmative defense, defendants are immune as to the state-law claims pursuant to California Government Code Section 820.6.

18.     As and for an eighteenth separate and distinct affirmative defense, defendants allege that at all times herein mentioned, defendant's officers were performing their duties pursuant to the discretion vested in them; that if plaintiff was

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

9

damaged as a result of the exercise of discretion vested in said employees, plaintiff's cause of action is barred.

19.    As and for a nineteenth separate and distinct affirmative defense, defendants deny that plaintiff is entitled to attorney's fees in this matter.

20.    As and for a twentieth separate and distinct affirmative defense, defendants are immune from liability because all acts were performed in self-defense and/or in the defense of others, and the use of force was reasonable under the totality of the circumstances.

21.    As and for a twenty-first separate and distinct affirmative defense, defendants allege that the injuries or damages, if any, sustained by the plaintiff were proximately caused by the negligent or unlawful acts or omissions of persons other than these defendants, and the liability of each defendant and responsible party, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these answering defendants, if any, should be reduced accordingly.

22.    As and for a twenty-second separate and distinct affirmative defense, plaintiff has failed to substantially comply with the claims presentation and/or filing requirements of California Government Code Section 900, et seq.

23.    As and for a twenty-third separate and distinct affirmative defense, defendants are immune from liability pursuant to the provisions of California Penal Code Section 148.

24.    As and for a twenty-fourth separate and distinct affirmative defense, defendants are immune from liability pursuant to the provisions of California Penal Code Section 834a.

25.    As and for a twenty-fifth separate and distinct affirmative defense, defendants are immune from liability pursuant to the provisions of California Penal Code Section 835a.

26.    As and for a twenty-sixth separate and distinct affirmative defense, defendants allege that they are immune from liability because all acts were performed

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

in good faith and without malice.

27. As and for a twenty-seventh separate and distinct affirmative defense, defendants allege that the force employed, if any, at the time and place mentioned in the first amended complaint was not excessive or unreasonable under the circumstances.

28. As and for a twenty-eighth separate and distinct affirmative defense, defendants allege that they are immune from liability because probable cause existed which permitted all acts taken regarding the facts alleged in plaintiff's complaint.

29. As and for a twenty-ninth separate and distinct affirmative defense, defendants allege that they are immune from liability because the actions of the defendants and their employees and/or agents were objectively reasonable.

30. As and for a thirtieth separate and distinct affirmative defense, defendants allege that at all times herein mentioned, defendants were performing their duties pursuant to the discretion vested in them; that if plaintiff was damaged as a result of the exercise of discretion vested in said defendants or their employees or agents, plaintiff's cause of action is barred.

31. As and for a thirty-first separate and distinct affirmative defense, defendants allege that plaintiff's claims and causes of action under the complaint are barred by reason of the statute of limitations and the doctrine of laches in that the pleadings were not filed within the proper or reasonable time with respect to the alleged damages.

32. As and for a thirty-second separate and distinct affirmative defense, defendants, their employees, and agents are immune from liability because they had a reasonable belief in the lawfulness of their conduct and showed good faith.

33. As and for a thirty-third separate and distinct affirmative defense, plaintiff is barred from any exemplary or punitive damages inasmuch as any act or conduct as may be shown on the part of these answering defendants resulted from provocative acts, conduct, and words on the part of plaintiff, and punitive damages

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

are inappropriate under the statutes, case law, and Constitutions of California and the United States.

### **PRAYER**

WHEREFORE, these answering defendants, having fully answered plaintiffs' first amended complaint, pray for judgment in favor of defendants, for costs of suit incurred herein, for attorney's fees pursuant to 42 U.S.C. §1988, and for such other and further relief as the Court deems just and proper.

DATED:  September 7, 2021          PROCTER, SHYER & WINTER


By:
James N. Procter II
Lisa N. Shyer
Attorneys for Defendants,
CITY OF SANTA PAULA and OFFICER
CHRIS RIVERA

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

1

## **DEMAND FOR TRIAL BY JURY**

2          Defendants CITY OF SANTA PAULA and OFFICER CHRIS RIVERA

3    hereby demand a trial by jury.

4    DATED:  September 7, 2021             PROCTER, SHYER & WINTER

5

6                                          By:
                                              James N. Procter II
7                                             Lisa N. Shyer
                                              Attorneys for Defendants,
8                                             CITY OF SANTA PAULA and OFFICER
                                              CHRIS RIVERA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

## STATE OF CALIFORNIA, COUNTY OF VENTURA

I am employed in the County of Ventura, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 751 East Daily Drive, Suite 410, Camarillo, California 93010.

On September 8, 2021, I served the foregoing document(s) described **DEFENDANTS, CITY OF SANTA PAULA and OFFICER CHRIS RIVERA'S, ANSWER TO PLAINTIFF, JOSEPH L. GARCES', COMPLAINT** on the interested parties in this action by:

  **X**   By **CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed the documents with the clerk of the court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.  **SEE ATTACHED SERVICE LIST**


____ **(BY E-MAIL)** I served the foregoing document by transmitting a true copy thereof via e-mail as follows:  **SEE ATTACHED SERVICE LIST**


  **X**   **(Federal)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 8, 2021, at Camarillo, California.

_____
Shellye Cruz

PROOF OF SERVICE

## <u>SERVICE LIST</u>

### <u>Garces v. City of Santa Paula</u>
United States District Court Case No: 2:21-cv-6730-FLA(PVCx)

Edward M Lyman, III
Cochran Firm California
4929 Wilshire Boulevard Suite 1010
Los Angeles, CA 90010
323-435-8205 / Fax: 323-282-5280
Email: elyman@cochranfirm.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Brian T Dunn
Cochran Firm California
4929 Wilshire Boulevard Suite 1010
Los Angeles, CA 90010
323-435-8205 / Fax: 323-282-5280
Email: bdunn@cochranfirm.com
ATTORNEY TO BE NOTICED

Gregory J Ramirez
Law Offices of Gregory Ramirez
220 South A Street Suite 1
Oxnard, CA 93030-5762
805-483-1090 \ Fax: 805-228-4669
Email: gramirez@gjramirezlaw.com
ATTORNEY TO BE NOTICED

PROOF OF SERVICE