James N. Procter II – State Bar No. 96589
Lisa N. Shyer – State Bar No. 195238
PROCTER, SHYER & WINTER
751 East Daily Drive, Suite 410
Camarillo, California 93010
Phone: (805) 278-0920 /Facsimile: (805) 278-0289
Email:  jim@proctershyer.com / lisa@proctershyer.com

Attorneys for Attorneys for Defendants,
   CITY OF SANTA PAULA and OFFICER CHRIS
   RIVERA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| JOSEPH L. GARCES,<br><br>        Plaintiff,<br><br>        vs.<br><br>CITY OF SANTA PAULA, a municipal entity, OFFICER CHRIS RIVERA, an individual and DOES 1 through 10, inclusive,<br><br>        Defendants. | CASE NO. 2:21-cv-6730-FLA(PVCx)<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT**<br><br>Date:  April 11, 2023<br>Time:  8:30 a.m.<br>Dept.: 6B |

TO THE COURT, THE PLAINTIFF AND TO HIS COUNSEL OF RECORD:

        Defendants, CITY OF SANTA PAULA and OFFICER CHRIS RIVERA submit the following Memorandum of Contentions of Facts and Law pursuant to Local Rule 16-4:

**Plaintiff's Claim No. 1:** **Violation of plaintiff's federal constitutional rights by subjecting him to excessive force, unlawful detention and unreasonable denial of medical attention under 42 U.S.C. section 1983.**

        **Affirmative Defenses: 1, 2, 3, 4, 5, 8, 13, 15, 18, 20, 26, 27, 28, 29, 30 and 32.**

1.      **There Was Probable Cause to Arrest Plaintiff Garces for a Violation of California Penal Code Section 148 (a)(1)**

California Penal Code section 148(a)(1) provides, in pertinent part: "Every person who willfully resists, delays, or obstructs any… peace officer…, in the discharge or attempt to discharge any duty of his or her office or employment, when no other punishment is prescribed, shall be punished by a fine not exceeding $1,000, or by imprisonment in a county jail not to exceed one year…"

Where an individual walks away from a police officer in the course of an investigation when the officer is attempting to gain their cooperation, there is probable cause to effectuate an arrest under section 148. (*Gonzalez v. City of Huntington Beach*, C.A. 9 (Cal.) 2021 WL 3210700). Likewise, probable cause to arrest under section 148 existed where officers instructed detainees not to enter their vehicle and detainees nonetheless did so and started it. (*Bernal v. Sacramento County Sheriff's Department*, E.D. Cal. 2022, 2022 WL 1018412).

In this case, the body camera videos amply demonstrate the plaintiff's obstructive and resistive behavior while the SPPD was attempting to investigate an extremely serious crime. The plaintiff repeatedly resisted Detective Rivera's orders to leave the crime scene and delayed and disrupted the investigation by repeatedly and continuously screaming profanities at him. When Detective Rivera attempted to make contact with plaintiff Garces on 8th Street, while he was still within the crime scene, Garces stated emphatically, "No! I ain't talking to you at all," and "Get your fucking hands off of me" as he raised his right arm above his head, pulling away from Rivera. There can be no doubt that Garces willfully resisted, delayed, and obstructed Detective Rivera's investigation, supplying probable cause to arrest him for a violation of California Penal Code section 148(a).

2.   **There was reasonable cause to temporarily detain Garces**

"Circumstances short of probable cause for an arrest may justify temporary

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

2

detention of a person by a peace officer for investigation and questioning." (*People v. Manis* (1969) 268 Cal. App. 2d 653, 658, citing *People v. Michelson* (1963)59 Cal. 2d 448, 450. See also, *U.S. v. Gaines*, 563 F. 2d 1352, 1357 (9th Cir. 1975). "The circumstances which allow temporary detention are those which 'indicate to a reasonable man in a like position that an investigation is necessary to the discharge of his duties.'" (*People v. Manis*, *supra,* at 659, citing *People v. Gibson* (1963) 220 Cal. App. 2d 15, 20).

"The purpose of a temporary detention is to enable the police to determine, with minimum upset to public tranquility and minimum intrusion into personal rights, whether they should arrest a suspect and charge him with a crime, or whether they should take no action because their initial suspicion proved groundless." (*People v. Manis, supra*, at 661). In this case, probable cause clearly existed to arrest Garces for a violation of Penal Code section 148(a)(1). Furthermore, the detention was also justified by the circumstances apparent to Det. Rivera, because the plaintiff's strange behavior was delaying and obstructing his investigation. (*People v. Manis, supra*, at 659).

It is undisputed that, when Garces was ordered out of the crime scene, he immediately became agitated and belligerent, and began screaming expletives at Rivera. Garces initially refused Rivera's order to leave the crime, challenging his authority with the question, "What are you going to do to me? When Garces did begin to walk away, he continued to shout profane insults at Rivera. When Garces reached the 8[th] St. sidewalk, he stopped, turned around and began walking back toward the interior of the crime scene, all the while shouting expletives and insults at Rivera.

At the point that Det. Rivera made contact with Garces on 8th St., Garces had been repeatedly ordered by two more officers to "step back" and "back up." When Det. Rivera placed his hand on the plaintiff's shoulder, Garces shouted, "Get your fucking hands of me!" raised his right arm above his head and pulled away from him. By this point in the incident, Det. Rivera clearly had justification to effect a temporary

PROCTER, SHYER & WINTER

ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

detention of Garces in order to proceed with his investigation.

To determine the reasonableness of a detention the court must look to "… the gravity of the public concerns served by the seizure, the degree to which the seizure advances the public interest, and the severity of the interference with individual liberty." (*Maxwell v. County of San Diego,* 708 F. 3d 1075, 1083 (9th Cir. 2013)). Measured by this standard, the detention of Garces was amply justified. Furthermore, as soon as Garces's statement was taken by Det. Ramirez and it became apparent that he would no longer impede or obstruct the investigation, Garces was released, after having been detained for less than 20 minutes.

### 3.   The Claim That Defendant Rivera Unreasonably Denied Garces Medical Care is Without Merit

To recover on this claim, the plaintiff must present evidence that defendant Rivera actually knew of and disregarded a substantial risk of serious harm to his health or safety. (*Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). "The Supreme Court has stated that negligence, whether gross or simple, is insufficient to prove a constitutional violation." (*Kennedy v. City of Ridgefield*, 440 F. 3d 1091, 1093-1094 (9th Cir. 2006); see also, *Daniels v. Williams*, 474 U.S. 327, 328 (1986) [negligence is not sufficient to prove a claim of deliberate indifference to a person's medical needs.]).

In the present case there is no evidence that Garces was denied medical care, either deliberately or negligently. Garces never told Rivera that he was injured, nor did he request that Rivera summon medical aid for him

### 4.   Defendant Rivera Is Entitled to Qualified Immunity

#### 1.   *Defendant Rivera Is Entitled to Qualified Immunity on the Claim of Excessive Force*

Most of the Supreme Court cases discussing the application of qualified immunity to a claim of excessive force by police officers involve the use of deadly force. Here, the use of force applied by defendant Rivera was far less severe and consisted of simply placing Garces in a control hold to prevent him from further

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

delaying, obstructing and impeding a legitimate police investigation. A review of Ninth Circuit and Supreme Court decisions reveals that there are no reported cases holding that the restraint of an unruly individual under these circumstances violates a clearly established statutory or constitutional right. The absence of any such authority mandates the application of qualified immunity in this case. (*White v. Pauly*, *supra,* at 552, and *District of Columbia v. Wesby*, 583 U.S. __, 138 S. Ct. 577, 589 (2018)).

Detective Rivera did not strike the plaintiff, nor did he exert an amount of force that was disproportionate to the plaintiff's belligerent and obstructive behavior. There is no doubt that plaintiff Garces was delaying and interfering with the investigation and resisting lawful orders to leave the crime scene. Accordingly, the use of force in this case was manifestly reasonable

In *City of Escondido v. Emmons*, 139 S. Ct. 500 (2019), the police received a 911 call about a possible domestic disturbance at the plaintiff's apartment. When the police knocked on the door there was no answer, but they were able to contact the residents (a man and a woman) through an open side window. (*Id*. at 501). A few minutes later a man (Emmons) opened the apartment door and came outside. Although the police officer told the man not to close the door, the man did so anyway and then tried to brush past the officer. At this point the officer stopped the man, took him to the ground and handcuffed him. *(Id.* at 502).

The officer did not hit the man and did not use or display any weapon. Moreover, the police body camera video showed that the man was not in any visible or audible pain. (*Id*. at 502).  Within a few minutes, the officers helped the man up and arrested him for the offense of resisting and delaying a police officer. (*Id*. at 502). Under these circumstances, the Supreme Court held that the officer who took Mr. Emmons to the ground and handcuffed him was entitled to qualified immunity in the absence of any clearly established law that prohibited his conduct. (*Id.* at 503).

\\\

\\\

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

**2.** ***Defendant Rivera is Entitled to Qualified Immunity for the Brief Detention of Garces***

Even if there was no probable cause to arrest or detain plaintiff Garces, Defendant Rivera is still entitled to qualified immunity unless it can be shown that any reasonable police officer would have known that his conduct violated clearly established statutory or constitutional rights. (*District of Columbia v. Wesby, supra*, at 591; and *Anderson v. Creighton, supra,* at 641. Under circumstances similar to this case, the Supreme Court held that the detention of a subject in handcuffs was protected by qualified immunity. (*Muehler v. Mena*, 544 U.S. 93, 99-100 (2005)). More to the point, there appears to be no clearly established law prohibiting defendant Rivera's conduct in detaining the plaintiff, thereby mandating a finding of qualified immunity. (*Anderson v. Creighton, supra*, at 641).

**Plaintiff's Claim No. 2: Violation of the Tom Bane Civil Rights Act**
**Affirmative Defenses: 1, 2, 4, 5, 8, 13, 15, 18, 20, 26, 27, 28, 29, 30 and 32.**

The Tom Bane Civil Rights Act, codified at California Civil Code section 52.1(a), provides for liability for the interference or attempted interference with an individual's rights "by threats, intimidation, or coercion." The only published Bane Act case that discusses the meaning of these terms is *Cole v. Doe 1 thru 2 Officers of the City of Emeryville Police Department*, 387 F. Supp. 2d 1084 (N.D. Cal. 2005). In *Cole,* the court held that the use of law enforcement authority to effectuate a detention can constitute a threat, intimidation or coercion to bring wrongful conduct within the ambit of the Bane Act. (*Id.* at 1103). The elements of both an excessive force claim and a wrongful detention claim under the Bane Act are essentially identical to those of a federal action under section 1983. (*Wallisa v. City of Hesperia*, 369 F. Supp. 3d 990, 1020 (C.D. Cal. 2019)).

To prevail under the Bane Act, the plaintiff must prove that the government official harbored a specific intent to deprive him or her of their protected rights.

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

(*County Inmate Telephone Service Cases* (2020) 48 Cal. App. 5th 354, 369, and *S. T. by and through Niblett v. City of Ceres*, 327 F. Supp.3d 1261, 1272 (E.D. Cal. 2018)). Furthermore, to constitute a violation of the Bane Act, the statute requires a showing of coercion independent from the coercion inherent in the detention itself. (*Shoyoye v. County of Los Angeles* (2012) 203 Cal. App.4th 947, 959-960).

In the present case, Det. Rivera clearly harbored no "specific intent" to deprive the plaintiff of his rights. In addition, the detention and use of force was objectively reasonable as a matter of law. Finally, even if the detention was unreasonable, this circumstance is still insufficient to constitute a violation of the Bane Act. (*Shoyoye v. County of Los Angeles, supra*, at 959-960).

**Plaintiff's Claim No. 3:** Battery

**Affirmative Defenses:** **1, 3, 5, 9, 10, 11, 12, 14, 15, m16, 17, 18, 20, 23, 24, 25, 26, 27, 28, 29, 30 and 32.**

A battery is an intentional, unlawful, and harmful or offensive touching by one person with the person of another. In the context of police cases, a claim for battery cannot be established unless it is proven that an officer used unreasonable force. (*Saman v. Robbins*, 173. F. 3d 1150, 1157, n.6 (9th Cir. 1999)). Federal civil rights claims of excessive force are the federal counterpart to state battery claims; in both, the plaintiff must prove the unreasonableness of the officer's conduct. (*Munoz v. City of Union City* (2004) 120 Cal. App. 4th 1077, 1102; and *Susag v. City of Lake Forest* (2000) 294 Cal. App. 4th 1401, 1412-1413). The plaintiff bears the burden of proving the officer used unreasonable force. *Edson v. City of Anaheim* (1998) 63 Cal. App. 4th 1269, 1272. The same analysis as to federal excessive force claims is applied under *Graham v. Connor*. (*Munoz, supra,* at 1102).

The "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officer's actions were "objectively reasonable" in light of the facts and circumstances confronting him, without regard to their underlying intent or

PROCTER, SHYER & WINTER

ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

motivation. (*Graham v. Connor, supra*, at 396-397). Therefore, the Court's determination as to whether the officer battered the plaintiff by use of excessive force is based upon the same standards as the Federal cause of action. Where "the force used was not unreasonable [under the Fourth Amendment], the state law claim must fail." *Johnson v. County of Los Angeles*, 340 F. 3d 787, 794 (9th Cir.2003)).

Inasmuch as Detective Rivera's use of force was not excessive or objectively unreasonable, the plaintiff's claim for battery fails as a matter of law.

**Plaintiff's Claim No. 4**: **Negligence**

**Affirmative Defenses:** **1, 3, 5, 9, 10, 11, 12, 14, 15, 16, 17, 18, 20, 23, 24, 25, 26, 27, 28 and 32.**

The plaintiff's claim for negligence is based on the allegation that Detective Rivera acted improperly in the performance of his duties, and that his negligence caused plaintiff's injuries. At set forth above, Detective Rivera acted reasonably as a matter of law throughout this incident and both his use of force, and the detention of the plaintiff was reasonable. Simply stated, there was no breach of any duty to the plaintiff and there is no evidence of negligence.

Respectfully submitted,

DATED: February 24, 2023          PROCTER, SHYER & WINTER

By: _____
James N. Procter II
Lisa N. Shyer
Attorneys for Defendants,
CITY OF SANTA PAULA and OFFICER
CHRIS RIVERA

PROCTER, SHYER & WINTER
ATTORNEYS AT LAW
751 EAST DAILY DRIVE, SUITE 410
CAMARILLO, CALIFORNIA 93010
TELEPHONE (805) 278-0920

## STATE OF CALIFORNIA, COUNTY OF VENTURA

I am employed in the County of Ventura, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 751 East Daily Drive, Suite 410, Camarillo, California 93010.

On February 24, 2023, I served the foregoing document(s) described as:

## DEFENDANTS' MEMORANDUM OF CONTENTIONS OF LAW AND FACT

on the interested parties in this action by:

  X   By **CM/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed the documents with the clerk of the court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.  **SEE ATTACHED SERVICE LIST**


____ **(BY E-MAIL)** I served the foregoing document by transmitting a true copy thereof via e-mail as follows:  **SEE ATTACHED SERVICE LIST**

  X  **(Federal)**   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 24, 2023, at Camarillo, California.

/s/

_____
Shellye Cruz

8

PROOF OF SERVICE

1

2

3

4

## **SERVICE LIST**

### **Garces v. City of Santa Paula**
United States District Court Case No: 2:21-cv-6730-FLA(PVCx)

5

6

7

8

9

Edward M Lyman, III
Cochran Firm California
4929 Wilshire Boulevard Suite 1010
Los Angeles, CA 90010
323-435-8205 / Fax: 323-282-5280
Email: elyman@cochranfirm.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

10

11

12

13

Brian T Dunn
Cochran Firm California
4929 Wilshire Boulevard Suite 1010
Los Angeles, CA 90010
323-435-8205 / Fax: 323-282-5280
Email: bdunn@cochranfirm.com
ATTORNEY TO BE NOTICED

14

15

16

17

Gregory J Ramirez
Law Offices of Gregory Ramirez
220 South A Street Suite 1
Oxnard, CA 93030-5762
805-483-1090 \ Fax: 805-228-4669
Email: gramirez@gjramirezlaw.com
ATTORNEY TO BE NOTICED

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE