**BRIAN T. DUNN (SBN 176502)**
bdunn@cochranfirm.com
**THE COCHRAN FIRM CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimiles: (323) 282-5280

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| JOSEPH L. GARCES,<br><br>Plaintiffs.<br><br>v.<br><br>CITY OF SANTA PAULA, a municipal entity, OFFICER CHRIS RIVERA, an individual, and DOES 1 through 10, inclusive,<br><br>Defendants. | **CASE: 2:21-CV-6730 FLA(PVCX)**<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT & LAW**<br><br>L.R. 16-4<br><br>FPTC:  3/24/23<br>Time:   3:00 pm<br>Place:  6B<br><br>TRIAL: 4/11/23<br>Time:   8:30 pm<br>Place:  6B |

**PLAINTIFF'S MEMO OF CONTENTIONS OF FACT AND LAW**

## I. INTRODUCTION

### a. Summary Statement of Plaintiff's Claims

This federal complaint concerns an officer-involved assault and battery of Plaintiff which occurred during the mid-afternoon hours of Friday, October 9, 2020, in or around North 8th Street and Railroad Avenue, in the City of Santa Paula, County of Ventura, and State of California.  At that time and location, Plaintiff Joseph Garces, a retired firefighter, responded to an incident where a gunshot victim was laying in the street.   Plaintiff immediately began rendering critical life saving measures to the victim.  That's when Defendant Officer Chris Rivera, arrived at the scene and negligently assessed the circumstances presented to him.

Without warning, Officer Rivera proceeded to assault and batter Plaintiff by acts including, without limitation, repeatedly assaulting and battering Plaintiff, which caused severe injuries to Plaintiff's person, without having probable cause or reasonable suspicion to believe that Plaintiff had committed any crime, or would commit a crime in the future.

Following the assault and battery, Officer Rivera handcuffed, detained, and denied medical care to Plaintiff in a manner that demonstrated deliberate indifference to Plaintiff's constitutional rights.

At no time during the course of these events did Plaintiff pose any reasonable or credible threat of violence to Officer Rivera, nor anyone else, nor did he do anything to justify the force used against him, and the same was excessive, unnecessary, and unlawful.

Plaintiff suffered severe injuries as a direct and proximate result of the assault and battery inflicted upon his person by Officer Rivera.

Both prior to and during the time in which he was assaulted and battered, Plaintiff was not brandishing any kind of weapon and posed no reasonable or

credible threat of violence to Officer Rivera, nor any other individual. Both prior to and during the time in which he was assaulted and battered, Plaintiff made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable police officer that he was brandishing any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual. Both prior to and during the time in which Officer Rivera assaulted and battered Plaintiff, Officer Rivera was not faced with any circumstances which would have led a reasonable police officer to believe that Plaintiff posed a risk of harm or serious bodily injury to any person.

## II. CLAIMS AND DEFENSES

### a. Plaintiff's has plead and plans to pursue the following claims:

   i. **Claim 1:** Violation of 42 U.S.C. § 1983 – Excess Force brought by Plaintiff against Defendant Officer Chris Rivera.

   ii. **Claim 2:** Violations of Civil Rights under Cal. Civil Code § 52.1, based on unreasonable use of force against brought by Plaintiff against both defendants.

   iii. **Claim 3:** Battery brought by Plaintiff against both defendants.

   iv. **Claim 4:** Negligence brought by Plaintiff against both defendants.

### b. The elements to establish Plaintiff's claims are:

   i. **Claim 1: Excessive Force**
   1. Defendant acted under color of state law;
   2. Defendant used excessive force against Plaintiff;
   3. Defendant's use of excessive force was a cause of injury, damage, loss, or harm to Plaintiff. See *Ninth Circuit Manual of Model Jury Instructions,* §§ 9.3 and 9.25.

   ii. **Claim 2: Violations of Civil Rights, Cal. Civ. Code § 52.1**

1. Defendants used unreasonable force to arrest/prevent the escape of/overcome the resistance of Plaintiff;
2. Plaintiff did not consent to the use of that force;
3. Plaintiff was harmed; and
4. Defendants' use of unreasonable force was a substantial factor in causing Plaintiff's injuries.  See CACI 1305.

### iii. Claim 3:  Battery

1. Defendants used unreasonable force to arrest/prevent the escape of/overcome the resistance of Plaintiff;
2. Plaintiff did not consent to the use of that force;
3. Plaintiff was harmed; and
4. Defendants' use of unreasonable force was a substantial factor in causing Plaintiff's injuries.  See CACI 1305.

### iv. Claim 4:  Negligence

1. Defendant Christopher Rivera failed to exercise reasonable and ordinary care in using force against Plaintiff.
2. Plaintiff was harmed;
3. Defendant's use of unreasonable force was a substantial factor in causing Plaintiff's harm.  See CACI 441.

## c. Brief description of key evidence in support of each claim:

### i. Key Testimony

1. Plaintiff Joseph Garces
2. Defendant Officer Chris Rivera
3. Sgt. Walter Harper
4. Detective Hector Ramirez
5. Commander Macias
6. Officer Jason Abboud

       7. Thomas Golden, M.D.

       8. Dr. Ryan Sharma

       9. Expert Roger Clark

       10. Expert Phillip Sanchez

    ii. **Key Documents and Other Evidence**

       1. Body worn camera footage from multiple officers

       2. 911 Audio

       3. Bystander video

       4. Police reports, watch sheets, detail reports

       5. Medical records

       6. Medical billing records

## III. COUNTERCLAIMS AND DEFENSES

a. Probable cause to arrest Plaintiff under Cal. Pen. Code §148(a)(1)

b. Reasonable cause to detain Plaintiff.

c. Qualified immunity.

## IV. ANTICIPATED EVIDENTIARY ISSUES

Plaintiff anticipates rulings will be necessary on multiple motions in limine filed by Defendants to exclude evidence of less intrusive alternatives; Santa Paula Police Department and Other Enforcement Agency Policies and Procedures; prior or subsequent uses of force or alleged misconduct; argument that the officer created the need for the use of force; the potential for indemnification; evidence of any internal investigation inquiry or reports of the same; legal conclusion testimony. Plaintiff intends to file oppositions to said motions.

## V. TRIAL BY JURY

The issues herein are triable to a jury as a matter of right. The parties made timely demands for trial by jury.

## VI. ATTORNEY'S FEES

If Plaintiff prevails on his 42 U.S.C. § 1983 claims at trial, reasonable

attorneys' fees are recoverable pursuant to 42 U.S.C. § 1988.

## VII.  ABANDONMENT OF ISSUES

At this time, Plaintiff does not contemplate abandoning any of the issues which are relevant to his 42 U.S.C. § 1983 claim.

Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

/s/ Brian T. Dunn

_____
Brian T. Dunn
Attorney for Plaintiff Joseph Garces